United States District Court
Southern District of Texas
FILED

MAR 1 7 2009

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARIO A. MENDOZA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-07-104 |
| | § | |
| JOHN E. POTTER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending is Defendants' John E. Potter and United States Postal Service's ("USPS") Motion to Dismiss Plaintiff's Original Complaint. (Dkt. No. 20.) Plaintiff Mario A. Mendoza filed a Response on August 21, 2008 (Dkt. No. 21), and Defendants filed a Reply on September 11, 2008 (Dkt. No. 22).

## Factual Background

In 2006, Mendoza applied to be a Part-Time Regular Custodian at the Main United States Post Office in Laredo, Texas, but a medical examination by a USPS-designated doctor showed he had a history of back conditions and shoulder injuries. (See Dkt. No. 21, Ex. A at 1.) The USPS denied him the position in a letter dated September 28, 2006, because he was "medically unsuitable for the position." (Dkt. No. 20, Ex. A.)

Before receiving the denial letter, Mendoza visited with Postmaster Raymundo Linares, at Linares' request, in early

1

August 2006. (Dkt. No. 21, Ex. A at 1.)  Linares discussed the
the medical examination's finding that Mendoza had a "history of
back problems." (Id.)  Mendoza contested USPS' medical finding
and asked Linares for literature on the process for appealing a
medical finding, but "Linares had no literature to offer."
(Id.)

    In early October 2006, Mendoza contacted the USPS medical
unit in San Antonio, Texas, to inquire if the medical finding
could be a mistake. (Id. at 2.)  He spoke with several
individuals, all of whom answered "no."  He then asked an
employee named Phyllis "what [he] needed to do to appeal the
finding of a 'history of back problems.'" (Id.)  "Phyllis could
not, and did not, give [him] an answer." (Id.)

    After getting a second medical opinion and contacting his
Congressman, Mendoza consulted a lawyer in February 2007, (id.),
and subsequently filed a request for pre-complaint Equal
Employment Opportunity ("EEO") counseling on March 9, 2007,
(Dkt. No. 20, Ex. D).  On April 4, 2007, USPS sent him a Notice
of Right to File Individual Complaint. (Id., Ex. F.)  On April
20, 2007, he filed his formal EEO complaint with USPS, arguing
that he had not received notice of the 45-day period to seek EEO
counseling. (Id., Ex. E.)  On May 14, 2007, USPS dismissed
Mendoza's EEO complaint for failure to comply with 29 C.F.R.
§ 1614.105(a)(1), an administrative procedure requiring all

aggrieved persons bringing discrimination complaints to first "initiate contact with a[n] EEO Counselor within 45 days of the date of the matter alleged to be discriminatory." (Id., Ex. B.) The USPS concluded that Mendoza did not qualify for an extension of the 45-day period under § 1614.105(a)(2), which requires an extension under certain circumstances. (Id.)

Mendoza filed the instant suit on August 15, 2007. (Dkt. No. 1.) The Complaint alleges violations of the Rehabilitation Act of 1973 ("Rehab Act") and the Age Discrimination in Employment Act of 1967 ("ADEA"). Defendants filed an Answer on May 27, 2008. (Dkt. No. 16.)

On August 11, 2008, Defendants filed the pending dismissal motion, arguing that Mendoza 1) failed to state a claim against USPS because USPS is an improper party defendant and 2) failed to "exhaust" his administrative remedies and, therefore, the Court lacks subject-matter jurisdiction to entertain this suit.

### Improper Party

Defendants move for a Rule 12(b)(6) dismissal of any claims against USPS. They argue that USPS is an improper party defendant under the ADEA and Rehab Act. The Court agrees. Under both Acts, the proper defendant is "the head of the department, agency, or unit." Honeycutt v. Long, 861 F.2d 1346, 1349 (5th Cir. 1988). The proper defendant in a claim against the USPS is the Postmaster General, Defendant Potter. Lamb v.

3

*United States Postal Service*, 852 F.2d 845, 846 (5th Cir. 1988) (Title VII case); *see also* *Honeycutt*, 861 F.2d at 1349 (ADEA, Title VII, and Rehab Act). Mendoza concedes this argument in his Response and abandons any claims against USPS. (Dkt. No. 21 ¶ 1.)

## Equitable Tolling

Potter moves for a Rule 12(b)(1) dismissal of claims against him. He argues that Mendoza failed to "exhaust" his administrative remedies because he did not contact an EEO counselor within 45 days of the alleged discriminatory personnel action as required by 29 C.F.R. § 1614.105(a)(1). The Court does not view this case as one of failure to exhaust administrative remedies. Potter's argument, rather, is tantamount to a limitations defense, which does not affect the Court's subject-matter jurisdiction.[1] *See* *Teemac v. Henderson*, 298 F.3d 452, 454 (5th Cir. 2002) (stating that failure to contact an EEO counselor in a timely fashion time-bars the claim, absent a defense of waiver, estoppel, or equitable tolling); *see also* 49 C.F.R. § 1614.604(c) ("The time limits in this part are subject to waiver, estoppel and equitable tolling.").

[1] Because Defendant asserts a lack of subject-matter jurisdiction, he invokes Rule 12(b)(1) as the basis for his motion. As stated above, the Court believes that the issue is one of limitations, which could be filed under Rule 12(b)(6). Since the parties have tendered and the Court has considered matters outside the pleadings, however, the motion becomes one for summary judgment under Rule 56.

The exception provision in § 1614.105(a)(2), which
Plaintiff invoked in his EEO complaint, codifies the doctrine of
equitable tolling. Teemac, 298 F.3d at 454. That section
requires the agency to extend the 45-day period when the
aggrieved person shows: 1) he was not notified of the time
limits and was not otherwise aware of them; 2) he did not know
and reasonably should not have known that the discriminatory
matter or personnel action occurred; 3) despite due diligence,
he was prevented by circumstances beyond his or her control from
contacting the counselor within the time limits; or 4) other
sufficient reasons exist. § 1614.105(a)(2); Teemac, 298 F.3d at
455. Mendoza bears the burden of establishing equitable
tolling, and the agency's decision on this issue is subject to
de novo review. Id. at 455.

It is undisputed that Mendoza knew that the personnel
action occurred when he received notice of his denial for the
custodial position via a letter dated September 28, 2006. It is
also undisputed that Mendoza did not consult an EEO counselor
until March 9, 2007, 162 days later. What remains in dispute is
whether Mendoza was notified or otherwise aware of the time
limits and whether he was somehow prevented from timely
contacting an EEO counselor.

A. *Notice of Time Limit*

Mendoza argues that because he is not a federal employee, he "would not normally be aware of EEO Regulations in a way that a current" employee would have been. (Dkt. No. 21 at 2.) The two-step inquiry used to determine if Mendoza was notified asks: 1) whether notification of the time requirements was provided, and 2) whether the notification was reasonably geared to inform the complainant of the time limits. Teemac, 298 F.3d at 456.

Informational posters are generally considered a sufficient method of providing notice to an employee or applicant. See Teemac, 298 F.3d at 456-57, 457 n.9. Potter attaches two EEO Investigative Affidavits declaring that EEO Poster 72, stating the rights and responsibilities of "employees and applicants," was posted in the customer lobby of "the Laredo, TX Post Office" from January 2006 through Mendoza's 2007 filing of an EEO complaint. (Dkt. No. 22, Ex. A at 1-2.) The poster clearly states the 45-day time limit. (Id. at 3.) Further, Mendoza's EEO complaint recites that an investigator for his attorney visited the post office once and found the poster in the lobby, apparently with little difficulty. (Dkt. No. 20, Ex. E at 3-4.) Also, the record reveals that Mendoza's brother worked for the USPS, and presumably could have advised him of the time limits on the poster. (Dkt. No. 20, Ex B at 2.) Because Mendoza walked through the customer lobby to apply for the job, attended

6

the August meeting with Linares, and presumably went for other visits, the Court concludes that Mendoza had reasonable notice geared to inform him of the time limits.

B. *Due Diligence*

Mendoza had an affirmative duty "to proceed with a reasonable investigation in response to" receiving USPS' Final Employment Decision letter. Pacheco v. Rice, 966 F.2d 904, 907 (5th Cir. 1992). Mendoza cites Briggs v. Henderson, 34 F. Supp. 2d 785, 786 (D. Conn. 1999), to argue that he put Postmaster Linares on notice of a potential claim at their early August meeting. *Briggs* stated that the EEOC and other district courts have repeatedly held that an individual need not actually contact an EEO counselor so long as he initiates contact with an agency official logically connected with the EEO process. While that is true, the individual must also "demonstrate an intent to begin the EEO process; and . . . allege that an incident in question is based on discrimination." Johnson v. Glickman, 155 F. Supp. 2d 1240, 1247 (D. Kan. 2001); Briggs, 34 F. Supp. 2d at 786.

Mendoza argues that when he "expressed his dissatisfaction about the medical finding to Linares," (Dkt. No. 21 at 2), Linares "should have responded by informing Mendoza of his right to complain with the EEO[C]," (id. at 3). Assuming, arguendo, that Linares is an official logically connected with the EEO

7

process, disagreement with a medical finding does not constitute notice of a potential discrimination claim. Moreover, the conversation with Linares antedated the September 28 letter that actually announced the decision not to hire Mendoza.

Similarly, the evidence indicates that Mendoza's subsequent inquiries with the medical unit employees in San Antonio, even with the questionable assumption that they were logically connected to the EEO process, did not communicate an accusation of discrimination or request for how to file a discrimination claim. Instead, Mendoza was seeking to challenge the accuracy of the medical findings.

To support his claim of diligence, Mendoza also notes his hiring a second doctor in November to rebut the medical finding and waiting a month for the results of a functional capacity evaluation. These actions do not excuse or prevent Mendoza from contacting an EEO counselor. Moreover, there is no indication that the doctor would have been able to inform Mendoza of EEO rights and time limits. Also, contacting a U.S. Congressman in January 2007 occurred well beyond the 45-day period, even assuming that the Congressman was familiar with EEO deadlines. Lastly, it was not until February or March that Mendoza saw a lawyer and subsequently contacted an EEO counselor. By then, Mendoza was too late.

Even if any of these acts had constituted due diligence, Mendoza would still have to show that he was "prevented by circumstances beyond his control from contacting a counselor." 29 C.F.R. § 1614.105(a). This usually means that the employer's personnel actively misled a plaintiff and steered him off course, or a plaintiff "is prevented in some extraordinary way from asserting his rights." Teemac, 298 F.3d at 457. There is no evidence that Linares or any other USPS employee actively misled Mendoza.

C. *Any Other Reasons?*

Finally, § 1614.105(a)(2) contains a catch-all phrase allowing the Court to exercise its discretion to apply equitable tolling if "other sufficient reasons exist." Equitable tolling, however, "applies only in rare and exceptional circumstances." Teemac, 298 F.3d at 455. None are present here.

Equitable tolling has been denied to plaintiffs having arguably stronger grounds than Mendoza. See Teemac, 298 F.3d at 457 (refusing to equitably toll where a short-term employee did not speak fluent English or see the posters); Marquardt v. Leavitt, No. 3:06-CV-0893-AH, 2008 WL 320194 (N.D. Tex.) (denying tolling where no agency employee told plaintiff of the time limits and the plaintiff looked but could not find a poster); Vela v. Chertoff, No. 5:06-CV-140, 2007 WL 2010477 (S.D. Tex.) (denying tolling where the plaintiff claimed to be

9

mentally incapacitated and that information was not sufficiently conspicuous).

Mendoza's equitable tolling argument is without merit.

### Conclusion

For the above reasons, Defendant's motion to dismiss (Dkt. No. 20) is GRANTED.

DONE at Laredo, Texas, this 17th day of March, 2009.

_____
United States District Judge